## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JUSTIN SHERWOOD, on behalf of himself individually and on behalf all others similarly situated,** | **Case No. 1:22-cv-01495-ELR** |
| **Plaintiff,** | |
| **v.** | |
| **HORIZON ACTUARIAL SERVICES, LLC** | |
| **Defendant.** | |

| | |
|---|---|
| **LINDSEY QUAN, on behalf of herself individually and on behalf all others similarly situated,** | **Case No. 1:22-cv-01531-ELR** |
| **Plaintiff,** | |
| **v.** | |
| **HORIZON ACTUARIAL SERVICES, LLC,** | |
| **Defendant.** | |

| | |
|---|---|
| **TABATHA BEDONT F/K/A TABATHA JOHNSON, on behalf of herself individually and on behalf all others similarly situated,** | **Case No. 1:22-cv-01565-ELR** |
| **Plaintiff,** | |
| **v.** | |

**HORIZON ACTUARIAL
SERVICES, LLC,**

      **Defendant.**

## JOINT MOTION TO CONSOLIDATE

Under Fed. R. Civ. P. 42(a), Plaintiffs Justin Sherwood, Lindsey Quan, and Tabatha Bedont (collectively, "Plaintiffs"), on behalf of a putative class, move to consolidate, for all purposes, the above-captioned actions against Defendant Horizon Actuarial Services, LLC ("Horizon" or "Defendant"). Plaintiffs agree consolidation is appropriate because these actions generally concern the same allegations and ask the Court to consolidate all actions under the first filed action, *Sherwood v. Horizon Actuarial Services, LLC,* Case No. 1:22-cv-01495-ELR, and caption the consolidated action as *In Re: Horizon Actuarial Services, LLC Data Breach Litigation,* Case No. 1:22-cv-01495-ELR.

Plaintiffs represent the following:

### 1.

On April 19, 2022, Plaintiff Justin Sherwood filed a class action complaint against Horizon. *See* Case No. 1:22-cv-01495-ELR. Two other class action complaints were subsequently filed against Horizon in the Northern District of Georgia by Lindsey Quan and Tabatha Bedont, respectively. *See* Case Nos. 1:22-

cv-01531-ELR and 1:22-cv-01565-ELR. All three actions (collectively, the "Actions") have been assigned to the Honorable Eleanor L. Ross. The Actions seek relief from injuries allegedly suffered by Plaintiffs as a result of Horizon's data breach.

2.

Fed. R. Civ. P. 42(a) states in pertinent part that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). This Rule "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Halo Wireless, Inc. v. TDS Telecomm. Corp*, Civil Action Nos. 2:11–CV–158–RWS, 1:11–CV–2749–RWS, 2012 WL 246393, at *2 (N.D. Ga. Jan. 26, 2012) (quoting *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995)).

3.

"When deciding if separate lawsuits should be consolidated into a single action, a trial court weighs several factors, including (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single trial or multiple trials." *Blitz Telecom Consulting, LLC v. Peerless Network,*

*Inc.*, 727 F. App'x 562, 570 (11th Cir. 2018) (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). "District court judges in this circuit have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1314 (11th Cir. 2017) (citation and internal quotation marks omitted)).

4.

The complaints filed by Plaintiffs in the Actions reveal that consolidation is warranted. The questions raised in the complaints are the extent to which, and whether, Horizon is liable to Plaintiffs and other putative class members as the result of the data breach allegedly occurring in November 2021. The complaints generally allege the same causes of action:

|  | Negligence | Negligence per se | Breach of implied contract | unjust enrichment | Declaratory judgment | Violations of O.C.G.A. § 13-6-11 |
|---|---|---|---|---|---|---|
| **Sherwood** | X | X |  |  | X | X |
| **Quan** | X |  |  | X | X |  |
| **Bedont** | X | X | X | X | X | X |

It is clear consolidation is proper in this case when weighing the factors identified by the Eleventh Circuit to be used in determining if separate actions should be consolidated under Fed. R. Civ. P. 42(a). *See generally Blitz Telecom Consulting, LLC*, 727 F. App'x at 570.

5.

Here, due to the similar nature of the causes of action consolidation will ease the burdens placed on the parties and witnesses and will ease potential burdens placed on this Court. Also, all parties would be better served if the actions were consolidated as there would be less time and expense involved than if there are multiple class action proceedings.

6.

No responsive pleading has been filed yet in any of the Actions, so consolidation would further streamline that process.

7.

For the reasons discussed above, consolidation of the Actions is warranted. Consolidating these Actions will promote the interest of judicial economy, avoid unnecessary filings and the duplicative efforts of three separate cases, and serve the objectives of Fed. R. Civ. P. 42(a).

8.

Furthermore, the Plaintiffs believe that any similar lawsuit filed against Horizon, including other third-party entities, on behalf of individuals impacted by Horizon's data breach that are filed in this District on or after the filing of this Motion to Consolidate should also be consolidated with the first-filed lead case, *Sherwood*

*v. Horizon Actuarial Services, LLC* (Case No. 1:22-cv-01495-ELR).

9.

Prior to filing this Motion, undersigned counsel were not able to meet and confer with Defendant because it has not filed an appearance in this case yet. However, Plaintiffs to all three actions met and conferred and are in agreement to the relief sought herein and respectfully submit that this Motion only serves to Defendant's benefit because it will streamline the litigation and allow the Class to have a unified voice in this litigation.

10.

Accordingly, the parties jointly move this Court to consolidate *Quan v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01531-ELR, and *Bedont v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01565-ELR, under the first filed action in the Northern District of Georgia, *Sherwood v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01495-ELR, and caption the consolidated action as *In Re: Horizon Actuarial Services, LLC Data Breach Litigation,* Case No. 1:22-cv-01495-ELR.

11.

Contemporaneous with the filing of this Motion to Consolidate, Counsel for Plaintiffs in the Actions are filing Plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel and Liaison Counsel seeking appointment as interim class counsel by

this Court pursuant to Fed. R. Civ. P. 23(g).  Plaintiffs will file a consolidated complaint within thirty (30) days from the Court's ruling on Plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel and Liaison Counsel.

Respectfully submitted this 26th day of April, 2022.

/s/ MaryBeth V. Gibson
MaryBeth V. Gibson
Georgia Bar No. 725843
N. Nickolas Jackson
Georgia Bar No. 841433
**THE FINLEY FIRM, P.C.**
3535 Piedmont Road
Building 14, Suite 230
Atlanta, GA 30305
Telephone: (404) 320-9979
Fax: (404) 320-9978
mgibson@thefinleyfirm.com
njackson@thefinleyfirm.com

Terence R. Coates*
**MARKOVITS, STOCK &**
**DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, OH 45209
Phone: (513) 651-3700
Fax: (513) 665-0219
tcoates@msdlegal.com

M. Anderson Berry*
Gregory Haroutunian*
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829

aberry@justice4you.com
gharoutunian@justice4you.com

Gary M. Klinger*
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
227 Monroe Street, Suite 2100
Chicago, IL 60606
Phone: 866.252.0878
gklinger@milberg.com

David K. Lietz*
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW
Suite 440
Washington, D.C. 20015-2052
Telephone: (866) 252-0878
Facsimile: (202) 686-2877
dlietz@milberg.com

Joseph M. Lyon*
**THE LYON FIRM, LLC**
2754 Erie Avenue
Cincinnati, OH 45208
Phone : (513) 381-2333
Fax: (513) 766-9011
jlyon@thelyonfirm.com

*Counsel for Plaintiffs*

*pro hac vice* forthcoming

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14-point Times New Roman font in accordance with Local Rule 5.1(C).

Dated: April 26th, 2022

/s/MaryBeth V. Gibson
MaryBeth V. Gibson

## CERTIFICATE OF SERVICE

I hereby certify that on April 26th, 2022, I filed a copy of the foregoing document using the Court's ECF/CM system, which will automatically send notice of such filing to all counsel of record in this matter.

/s/MaryBeth V. Gibson
MaryBeth V. Gibson