**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JUSTIN SHERWOOD, *individually and on behalf all others similarly situated*, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | 1:22-CV-01495-ELR |
| HORIZON ACTUARIAL SERVICES, LLC | * * * | |
| Defendant. | * * | |

———

**O R D E R**

———

There are several matters currently pending before the Court. The Court's

reasoning and conclusions are set forth below.

I.    **Background**

Between April 19, 2022 and April 28, 2022, the following five (5) civil actions

were filed in this Court: Sherwood v. Horizon Actuarial Services, LLC, No. 1:22-

CV-01495-ELR; Quan v. Horizon Actuarial Services, LLC, No. 1-22-CV-01531-

ELR; Bedont v. Horizon Actuarial Services, LLC, No. 1:22-CV-01565-ELR;

Torrano v. Horizon Actuarial Services, LLC, No. 1:22-CV-01674-ELR; and Hill v.

Horizon Actuarial Services, LLC, No. 1:22-CV-01676-ELR (collectively, the

"Cases").   Each of the Cases arises from "a recent cyberattack" that allegedly "result[ed] in a data breach of sensitive information in the possession, custody and/or control of Defendant Horizon Actuarial Services, LLC[.]"   [See Doc. 1; see also Doc. 14 at 2].[1]

On April 26, 2022, Plaintiffs in Sherwood, Quan, and Bedont filed a "Joint Motion to Consolidate," which asks the Court to consolidate those three (3) cases into one action pursuant to Federal Rule of Civil Procedure 42.  [See, e.g., Doc. 6]. Contemporaneously with their joint consolidation motion, the Sherwood, Quan and Bedont Plaintiffs filed a "Motion to Appoint Interim Co-Lead Class Counsel and Liaison Counsel Under Fed. R. Civ. P. 23(g)(3)."  [See, e.g., Doc. 7].  Defendant did not respond to either of these motions and the time for doing so has now expired. See LR 7.1(B), NDGa.

On May 11, 2022, Plaintiffs in all five Cases filed an "Amended Motion to Appoint Interim Co-Lead Class Counsel and Liaison Counsel Under Fed. R. Civ. P. 23(g)(3)."  [See, e.g., Doc. 14].  Though the time for Defendant to respond to the amended appointment motion has not yet expired, Plaintiffs have represented to the Court that "Defendant's Counsel takes no position regarding" Plaintiffs' request to appoint interim class counsel.  [See, e.g., id. at 2 n.1].  Also on May 11, 2012,

---

[1] Unless otherwise noted, all citations to docket entries herein refer to documents filed in Sherwood v. Horizon Actuarial Services, LLC, No. 1:22-CV-01495-ELR, the first of the Cases to be filed.

Defendant filed consent motions to extend to July 26, 2022, its deadline to respond to the complaints in each of the Cases.  [See, e.g., Doc. 11].

Each of the above-referenced motions is ripe for the Court's review.

## II.   Consolidation of the Cases

Federal Rule of Civil Procedure 42(a) allows a court to consolidate actions if they "involve a common question of law or fact."  FED. R. CIV. P. 42(a)(2).  "A district court's decision [of] whether to consolidate [actions] is 'purely discretionary.'" Eghnayem v. Bos. Sci. Corp., 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)).  In exercising its discretion,

> a trial court weighs several factors, including (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single trial or multiple trials.

Blitz Telecom Consulting, LLC v. Peerless Network, Inc., 727 F. App'x 562, 570 (11th Cir. 2018).  "The law is clear that district courts are authorized to consolidate cases . . . sua sponte, without a motion from the parties." Pigott v. Sanibel Dev., LLC, Civil Action Nos. 07-0083-WS-C, 07-0691-WS-C, 2007 WL 3245019, at *1 (S.D. Ala. Nov. 1, 2007) (collecting cases).

Here, the Court finds that consolidation of the Cases is warranted.  All of the Cases stem from the same data breach and will thus involve similar factual issues.

[See Doc. 6 at 4].  The Cases also involve common questions of law because, as Plaintiffs note, "the complaints [in the Cases] generally allege the same causes of action." [See id.]  The Court thus agrees with Plaintiffs that "due to the similar nature of the [Cases,] . . . consolidation will ease the burdens placed on the [P]arties and witnesses and will ease potential burdens placed on this Court." [See id.]

Additionally, no Party will be prejudiced by consolidation.  The Sherwood, Quan and Bedont Plaintiffs have moved for this specific relief.  [See, e.g., Doc. 6]. And though the Torrano and Hill Plaintiffs have yet to a file a motion for consolidation, they have represented to the Court that they are in favor of consolidation.  [See Docs. 14 at 2–3; 15 at 2].  Defendant also consents to consolidation.  [See Doc. 14 at 3].

### III.   Appointment of Interim Class Counsel

Federal Rule of Civil Procedure 23(g)(3) permits the Court to "designate interim counsel to act on behalf of putative class members before determining whether to certify the action as a class action."  FED. R. CIV. P. 23(g)(3).  "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)."  In re Mun. Derivatives Antitrust Litig., 252 F.R.D. 184, 186 (S.D.N.Y. 2008).  Those factors are:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions,

> other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

FED. R. CIV. P. 23(g)(1)(A). The Court's task is "to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." See MANUAL FOR COMPLEX LITIGATION (FOURTH) § 10.22 (2004); see also id. § 21.11 (explaining that, when the various lawyers involved in a litigation stipulate to the selection of interim class counsel, the Court's role is to "determine[e] that the chosen counsel is adequate to [so] serve").

Here, upon consideration of Plaintiffs' "Amended Motion to Appoint Interim Co-Lead Class Counsel and Liaison Counsel Under Fed. R. Civ. P. 23(g)(3)" and the factors set forth in 23(g)(1)(A), the Court finds that Gary Klinger, Terence R. Coates, and Kenya J. Reddy are qualified to serve as Interim Co-Lead Class Counsel and that they will fairly, adequately, responsibly, and efficiently represent all Plaintiffs in the Cases in that role. Likewise, the Court finds that MaryBeth V. Gibson is qualified to serve Liaison Counsel for all Plaintiffs in the Cases and that she will fairly, adequately, responsibly, and efficiently represent all Plaintiffs in the Cases in that role. In making these findings, the Court gives great weight to the fact that all counsel for Plaintiffs in the Cases have agreed that Mr. Klinger, Mr. Coates, Ms. Reddy, and Ms. Gibson should serve in these roles. [See Doc. 14 at 2–3.]

**IV.   Deadlines for the Filing of a Consolidated Complaint and Defendant's Response Thereto**

By their joint motion to consolidate filed in <u>Sherwood</u>, <u>Quan</u>, and <u>Bedont</u>, Plaintiffs indicate that they plan to "file a consolidated complaint within thirty (30) days from the Court's ruling on Plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel and Liaison Counsel."   [Doc. 6 at 7].   By its consent motions for an extension of time, Defendant requests that it have until July 26, 2022, to respond to the individual complaints in each of the Cases.  The Court has considered Plaintiff's planned approach and Defendant's request, and, pursuant to "the inherent authority" the Court has "to manage its own docket," sets the following schedule for Plaintiffs' filing of a consolidated complaint, Defendant's response to that complaint, and briefing on any related motion brought pursuant to Federal Rule of Civil Procedure 12.  <u>See</u> <u>Wilson v. Farley</u>, 203 F. App'x 239, 250 (11th Cir. 2006).

| Event | Deadline |
|---|---|
| Plaintiffs' deadline to file a consolidated complaint | June 13, 2022 |
| Defendant's deadline to respond to the consolidated complaint by answer or motion | July 13, 2022 |
| Plaintiffs' deadline to oppose any Rule 12 motion related to the consolidated complaint | August 3, 2022 |
| Defendant's deadline for any reply in support of any Rule 12 motion related to the consolidated complaint | August 17, 2022 |

## V.     Conclusion

For the reasons set forth above, the Court **GRANTS** the <u>Sherwood</u>, <u>Quan</u>, and

<u>Bedont</u> Plaintiffs' "Joint Motion to Consolidate"[2] and **CONSOLIDATES** Case

Nos. 1:22-CV-01495-ELR; 1-22-CV-01531-ELR; 1:22-CV-01565-ELR; 1:22-CV-

01674-ELR; and 1:22-CV-01676-ELR.  Each case shall maintain its designated case

number, and <u>Sherwood v. Horizon Actuarial Services, LLC</u>, No. 1:22-CV-01495-

ELR shall be the lead case.  The Court **DIRECTS** the Parties to make any filings

related to all of the consolidated cases only in the lead case.

Additionally, the Court **ORDERS** Plaintiffs to file a consolidated complaint

no later than June 13, 2022.  The Court **ORDERS** that the deadlines for Defendant's

response to the consolidated complaint and for briefing on any Rule 12 motion

related to the consolidated complaint are as set forth above.  By virtue of this

consolidation order, Defendant is no longer required to respond to the complaint

filed in each individual Case.  Accordingly, the Court **DENIES AS MOOT** each of

Defendant's consent motions for an extension of time to respond to those

complaints.[3]

---

[2] <u>Sherwood</u>, No. 1:22-CV-01495-ELR, Doc. 6; <u>Quan</u>, No. 1-22-CV-01531-ELR, Doc. 3; <u>Bedont</u>, No. 1:22-CV-01565-ELR, Doc. 3.
[3] <u>Sherwood</u>, No. 1:22-CV-01495-ELR, Doc. 15; <u>Quan</u>, No. 1-22-CV-01531-ELR, Doc. 19; <u>Bedont</u>, No. 1:22-CV-01565-ELR, Doc. 12; <u>Torrano</u>, No. 1:22-CV-01674-ELR, Doc. 11; <u>Hill</u>, No. 1:22-CV-01676-ELR, Doc. 12.

Further, the Court **GRANTS** Plaintiffs' "Amended Motion to Appoint Interim Co-Lead Class Counsel and Liaison Counsel Under Fed. R. Civ. P. 23(g)(3)"[4] and **DENIES AS MOOT** Plaintiffs "Motion to Appoint Interim Co-Lead Class Counsel and Liaison Counsel Under Fed. R. Civ. P. 23(g)(3)."[5]  The Court **APPOINTS** Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; Terence R. Coates of Markovits, Stock & Demarco, LLC; and Kenya J. Reddy of Morgan & Morgan Complex Litigation Group as Interim Co-Lead Class Counsel, and **APPOINTS** MaryBeth V. Gibson of The Finley Firm P.C. as Liaison Counsel for all Plaintiffs in the Cases.

Finally, the Court **ORDERS** as follows:

## A.    Duties of Plaintiffs' Interim Co-Lead Class Counsel

Interim Co-Lead Class Counsel must assume responsibility for the following duties during all phases of this litigation:

1.    Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

2.    Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and

---

[4] <u>Sherwood</u>, No. 1:22-CV-01495-ELR, Doc. 14; <u>Quan</u>, No. 1-22-CV-01531-ELR, Doc. 18; <u>Bedont</u>, No. 1:22-CV-01565-ELR, Doc. 11; <u>Torrano</u>, No. 1:22-CV-01674-ELR, Doc. 10; <u>Hill</u>, No. 1:22-CV-01676-ELR, Doc. 11.
[5] <u>Sherwood</u>, No. 1:22-CV-01495-ELR, Doc. 7; <u>Quan</u>, No. 1-22-CV-01531-ELR, Doc. 4; <u>Bedont</u>, No. 1:22-CV-01565-ELR, Doc. 4.

efficient conduct of this litigation and to avoid unnecessary duplication and expense;

3.   Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

4.   Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as he or his designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

5.   Serving as the primary contact for all communications between Plaintiffs and Defendant, and acting as spokespersons for all Plaintiffs vis-à-vis Defendant and the Court;

6.   Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

7.   Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

8.   Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

9.   Initiating and conducting discussions and negotiations with counsel for Defendant on all matters, including settlement;

10.  Negotiating and entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

11.  Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

12.  Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

13. Encouraging and enforcing efficiency among all Plaintiffs' counsel;

14. Assessing Plaintiffs' counsel for the costs of the litigation;

15. Preparing and distributing periodic status reports to the Court and to the Parties as ordered;

16. Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses as further detailed below and, on an ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, Co-Lead Counsel also will recommend apportionment and allocation of fees and expenses subject to Court approval; and

17. Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

## B.   Duties of Plaintiffs' Interim Liaison Counsel

Interim Liaison Counsel is responsible for performing the duties and responsibilities described in the MANUAL FOR COMPLEX LITIGATION § 21.221 (4th ed. 2004), including facilitating and expediting communications with and among Plaintiffs' counsel and fulfilling such other duties as requested by the Court or Interim Co-Lead Class Counsel.  The Court also orders the following:

1. Interim Liaison Counsel is designated as the counsel for all Plaintiffs in all cases upon whom others must serve all notices, orders, pleadings, motions, discovery, and memoranda.

2. Interim Liaison Counsel is authorized to: (a) receive orders, notices, correspondence, and telephone calls from the Court and the Clerk of the Court on Plaintiffs' behalf; (b) prepare and transmit copies of such orders and notices on Plaintiffs' behalf;

and (c) receive orders and notices from the Judicial Panel on Multidistrict Litigation, if any.

3.    Interim Liaison Counsel shall maintain complete files with copies of all documents served and make such files available to all Plaintiffs' counsel on request.

4.    Interim Liaison Counsel must maintain and make available to all counsel and the Court an up-to-date service list.

5.    Interim Liaison Counsel shall assume other responsibilities as may be deemed appropriate by Interim Lead Counsel or as ordered by the Court.

**C.    Settlement Discussions**

Any discussions of a settlement of this litigation shall be conducted by Interim Co-Lead Class Counsel and any counsel designated by Interim Co-Lead Class Counsel.

**D.    Proposed Agendas**

In advance of each status conference, Interim Class Counsel and Defendant's counsel will meet and confer regarding the agenda for the conference. Unless otherwise ordered, Interim Class Counsel and Defendant's counsel will file a joint notice setting out the proposed agenda and the Parties' joint and/or respective positions no later than five calendar days prior to each status conference.

**E.    Application of this Order**

This order applies to all actions included in the above-captioned consolidated matters and all subsequently consolidated actions.

Interim Class Counsel must serve a copy of this order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in each related action not yet consolidated in this proceeding to the extent that Interim Class Counsel is aware of any such action(s) and on all attorneys for Plaintiffs whose cases have been so consolidated but who have not yet registered for ECF.

**SO ORDERED**, this 12th day of May, 2022.

Eleanor L. Ross
United States District Judge
Northern District of Georgia