# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into by and between (i) Horizon Actuarial Services, LLC ("Horizon Actuarial") and (ii) Justin Sherwood, Lindsey Quan, Tabatha Bedont f/k/a Tabatha Johnson, Greg Torrano, Jennifer Hill, Sia Moody, Anthony Ruiz, Alice Dodd, Frederick Lewis, Douglas Ackman, Ryan Evans, Amber Thomas, and Maria Chavez (individually "Plaintiff" and collectively "Plaintiffs") both individually and on behalf of the Settlement Class, in the case of *Sherwood, et al. v. Horizon Actuarial Services, LLC*, No. 1:22-cv-01495-ELR, pending in the United States District Court, Northern District of Georgia (the "Litigation"). Horizon Actuarial and Plaintiffs are collectively referred to herein as the "Parties."

## I.   FACTUAL BACKGROUND AND RECITALS

1.      Plaintiffs filed their Consolidated Complaint (the "Complaint") against Horizon Actuarial on July 13, 2022, in the United States District Court for the Northern District of Georgia. The Complaint alleged seventeen (17) claims, including: negligence, negligence *per se*, unjust enrichment, declaratory judgment and injunctive relief, invasion of privacy, violations of the Arkansas Deceptive Trade Practices Act, violation of the California Consumer Privacy Act, violation of California's Customer Records Act, violation of the unlawful and unfair prong of California's Unfair Competition Law, violation of Idaho's Consumer Protection Act, violations of the Illinois Consumer Fraud Act, violation of Louisiana's Database Security Breach Notification Law, violation of Louisiana's Unfair Trade Practices and Consumer Protection Law, violation of Nevada's Deceptive Trade Practices Act, violation of North Carolina's Unfair Trade Practices Act, violations of Oregon's Unfair Trade Practices Act, and violations of O.C.G.A. § 13-6-11.

2.      The Complaint alleged that in November of 2021, Horizon Actuarial experienced a data security incident in which unauthorized third parties gained access to its file server. Following discovery of this data security incident, Horizon Actuarial began investigating the scope and cause of the incident and determined that files containing Plaintiffs' and Settlement Class Members' personally identifiable information ("PII"), including names, addresses, Social Security numbers, benefit plan enrollment data, and/or dates of birth, may have been impacted. Horizon Actuarial began the process of notifying the individuals that may have been impacted of this data security incident on January 13, 2022 and continued notifying potentially impacted individuals through June 2022.

3.      The Parties conducted informal arms-length negations over the course of several months until the Court formally stayed this case on February 24, 2023, pending mediation. The Court extended this stay until May 25, 2023, while negotiations continued. Following the extensive mediation and arms-length negotiation in this case from September 2022 through July 2023, the Parties reached a settlement by which the Parties agree and hereby wish to resolve all matters pertaining to, arising from, or associated in any way with the Litigation, including all claims Plaintiffs and Settlement Class Members have, had, or may have against Horizon Actuarial and persons and entities related to the Data Security Incident, as set forth herein.

4.      The Parties have agreed to settle the Litigation on the terms and conditions set forth herein in recognition that the outcome of the Litigation is uncertain and that achieving a final result

through litigation would require substantial additional risk, uncertainty, discovery, time, and expense for the Parties.

5.      Horizon Actuarial denies all claims of wrongdoing or liability that Plaintiffs, Settlement Class Members, or anyone else have or could have asserted in this Litigation or may assert in the future. Despite Horizon Actuarial's position that it is not liable for, and has good defenses to, the claims alleged in the Litigation, Horizon Actuarial desires to settle the Litigation, and thus avoid the expense, risk, exposure, inconvenience, uncertainty, and distraction of continued litigation of any action relating to the matters being fully settled and finally resolved and released in this Settlement Agreement. Neither this Settlement Agreement, nor any negotiation or act performed or document created in relation to the Settlement Agreement or negotiation or discussion thereof is, or may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing or liability.

6.      The Parties now enter into this Settlement Agreement. Plaintiffs and Class Counsel have conducted an investigation into the facts and the law regarding the Litigation and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiffs and the Settlement Class, recognizing: (1) the existence of complex and contested issues of law and fact; (2) the risks inherent in litigation; (3) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (4) the magnitude of the benefits derived from the contemplated Settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (5) Plaintiffs' determination that the Settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members.

7.      Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

8.      In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Litigation be settled and compromised, and that the Releasors release the Released Parties of the Released Claims, without costs as to Released Parties, Plaintiffs, Class Counsel, or the Settlement Class, except as explicitly provided for in this Settlement Agreement, subject to the approval of the Court, on the following terms and conditions.

## II.   **DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specified below:

9.      "**Approved Claims**" shall mean complete and timely Claim Forms submitted by Settlement Class Members that have been approved by the Settlement Administrator.

10.     "**CAFA Notice**" shall mean a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.* ("CAFA"), to be served upon the appropriate State official in each State where a Settlement Class Member resides

and the appropriate federal official. Costs for preparation and issuance of the CAFA Notice will be paid by Horizon Actuarial.

11.     "**Claim Form**" shall mean the form that Settlement Class Members may submit to obtain compensation under this Settlement Agreement, which is attached as **Exhibit A.**

12.     "**Claims Deadline**" shall mean the date by which all Claim Forms must be postmarked (if mailed) or submitted (if filed electronically) to be considered timely and shall be set as a date ninety (90) days after the Notice Deadline. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice and the Claim Form.

13.     "**Class Counsel**" shall mean Terence R. Coates of Markovits, Stock & DeMarco, LLC; Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; and Kenya J. Ready of Morgan & Morgan.

14.     "**Counsel**" or "**Parties' Counsel**" shall mean both Class Counsel and Defendant's Counsel, collectively.

15.     "**Court**" shall mean United States District Court Judge Eleanor L. Ross of the Northern District of Georgia.

16.     "**Data Security Incident**" shall refer to the alleged November 2021 incident in which unauthorized third parties purportedly gained access to Horizon Actuarial's file server.

17.     "**Defendant**" shall mean Horizon Actuarial Services, LLC.

18.     "**Defendant's Counsel**" shall mean John J. Sullivan and Max E. Kaplan of Cozen O'Connor and Hsiao C (Mark) Mao of Boies Schiller Flexner.

19.     "**Effective Date**" shall mean the date when the Settlement Agreement becomes final, which is the later of the date upon which the time for seeking appellate review of the Final Approval Order expires; or, if any appeal is filed, the date of receipt of an order by the highest appealable court affirming the Final Approval Order or dismissal of any appeal with prejudice by the highest appealable court.

20.     "**Fee and Expense Application**" shall mean the motion to be filed by Class Counsel, in which they seek approval of an award of attorneys' fees and litigation expenses.

21.     "**Fee Award and Expenses**" shall mean the amount of attorneys' fees and reimbursement of litigation expenses awarded by the Court to Class Counsel.

22.     "**Final Approval Hearing**" shall mean the hearing before the Court where the Plaintiffs will request a judgment to be entered by the Court approving the Settlement Agreement and approving the Fee Award and Expenses.

23.     "**Final Approval Order**" shall mean an order entered by the Court that:

      i.      Certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23;

     ii.      Finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Settlement Agreement;

    iii.      Dismisses Plaintiffs' claims pending before it with prejudice and without costs, except as explicitly provided for in this Settlement Agreement;

    iv.      Approves the Release provided in Section VIII and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties;

     v.      Reserves jurisdiction over the Settlement and this Settlement Agreement; and

    vi.      Finds that there is no just reason for delay of entry of Final Approval Order with respect to the foregoing.

**24.** "**Frequently Asked Questions**" or "**FAQs**" shall mean the questions and answers to those questions that are frequently posed by Settlement Class Members about class action settlements and specifically about this Settlement.

**25.** "**Litigation**" shall mean the action captioned *Sherwood, et al. v. Horizon Actuarial Services, LLC*, No. 1:22-cv-01495-ELR (N.D. Ga.), as well as the actions consolidated therewith.

**26.** "**Long Form Notice**" shall mean the detailed, long form notice that will be posted on the Settlement Website that will include robust details about the Settlement, the content of which will be substantially in the form attached as **Exhibit B**.

**27.** "**Notice**" shall mean the direct and publication notice of this proposed Settlement, which is to be provided to Settlement Class Members substantially in the manner set forth in this Settlement Agreement and **Exhibits B and D**, and is consistent with the requirements of Due Process. The Notice Deadline in this case will be 30 days after the Court enters the Preliminary Approval Order.

**28.** "**Notice Deadline**" shall mean the last day by which Notice must be issued to the Settlement Class Members, and will occur thirty (30) days after the Court enters the Preliminary Approval Order.

**29.** "**Notice and Administrative Expenses**" shall mean all of the expenses incurred by the Settlement Administrator in the administration of this Settlement, including, without limitation, all expenses or costs associated with providing Notice to the Settlement Class, locating Settlement Class Members, processing claims, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating and distributing the Settlement Fund to Settlement Class Members. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Settlement Agreement.

Notice and Administrative Expenses, other than the cost for the CAFA Notice, shall be paid through and using the Settlement Fund.

30.    "**Objection Deadline**" shall mean the date by which a written objection to this Settlement Agreement must be postmarked and/or filed with the Court and sent to the Settlement Administrator, which shall be designated as a date sixty (60) days after the Notice Deadline, or such other date as ordered by the Court.

31.    "**Opt-Out Deadline**" shall mean the last day on which a Settlement Class Member may postmark a request to be excluded from the Settlement Class to the Settlement Administrator, which shall be designated as a date sixty (60) days after the Notice Deadline. Settlement Class Members' opt-out requests may also be referred to herein as a Request for Exclusion.

32.    "**Out-of-Pocket Losses**" shall mean out-of-pocket costs or expenditures that a Settlement Class Member actually incurred that are supported by reasonable documentation. "Out-of-Pocket Losses" include things such as the purchase of identity protection services, credit monitoring services, or ID theft insurance different than the services and benefits offered by Defendant, that are fairly traceable to the Data Security Incident and such expenses have not already been reimbursed by a third party.

33.    "**Participating Settlement Class Member**" shall mean a Settlement Class Member who does not submit a valid Request for Exclusion prior to the Opt-Out Deadline.

34.    "**Parties**" shall mean Plaintiffs and Defendant, collectively.

35.    "**Plaintiffs**" or "**Class Representatives**" shall mean the named class representatives, Justin Sherwood, Lindsey Quan, Tabatha Bedont f/k/a Tabatha Johnson, Greg Torrano, Jennifer Hill, Sia Moody, Anthony Ruiz, Alice Dodd, Frederick Lewis, Douglas Ackman, Ryan Evans, Amber Thomas, Maria Chavez, Jason Lausche, and Teresa Jimenez.

36.    "**Preliminary Approval Order**" shall mean the Court's Order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice of the Settlement to the Settlement Class substantially in the form of the Notice set forth in this Settlement Agreement. The proposed Preliminary Approval Order is attached as **Exhibit C**.

37.    "**Publication Notice**" shall mean notice of the Settlement that will be provided to Settlement Class Members through a digital media campaign and/or PR News Wire, the scope of which will be determined by the Settlement Administrator, as jointly approved by the Parties.

38.    "**Released Claims**" shall have the meaning ascribed to it as set forth in Section VIII of this Settlement Agreement.

39.    "**Released Parties**" shall have the meaning ascribed to it as set forth in Section VIII of this Settlement Agreement.

40. "**Releasors**" shall refer, jointly and severally, and individually and collectively, to Plaintiffs, the Settlement Class Members, and each of their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and to anyone claiming by, through, or on behalf of them.

41. "**Remainder Funds**" shall mean any funds that remain in the Settlement Fund after all deductions from the Settlement Fund and for Settlement Payments to Settlement Class Members. Often in class actions settlements, some number of class members submitting valid claims and who are then issued a settlement check fail to cash and/or deposit their settlement payments. The funds remaining in the Settlement Fund after settlement payments have been distributed and the time for cashing and/or depositing checks has expired will be Remainder Funds. The Remainder Funds will be sent to one or more court-approved charitable organizations as a *cy pres* distribution. The Parties will jointly recommend the entity or entities to the Court that will be the recipient(s) of the *cy pres* distribution.

42. "**Settlement Administrator**" shall mean, subject to Court approval, Epiq, jointly selected and supervised by Class Counsel and Defendant to administer the settlement.

43. "**Settlement Class**" shall mean the individuals whose personal information may have been impacted during the Data Security Incident, including those individuals who received a letter from Horizon Actuarial notifying them of the Data Security Incident. Excluded from the Settlement Class are: (1) the judge presiding over this Action, and members of the presiding judge's direct family; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

44. "**Settlement Class List**" shall mean a list of each Settlement Class Member's full name and, to the extent such information is within Defendant's possession, current or last known address.

45. "**Settlement Class Member**" shall mean an individual who falls within the definition of the Settlement Class.

46. "**Settlement Fund**" shall mean the fund formed from the payment made by, or on behalf of, Defendant of seven million, seven hundred and fifty thousand dollars ($7,750,000.00). Any interest accrued thereon after payment to the Settlement Administrator will remain the property of the Settlement Fund. The $7,750,000 payment to the Settlement Fund shall be the full and complete limit and extent of Defendant's obligations with respect to the Settlement.

47. "**Settlement Payment**" shall mean the payment to be made via mailed check and/or electronic payment to a Participating Settlement Class Member from the Settlement Administrator from the Settlement Fund.

48. "**Settlement Website**" shall mean the website established and administered by the Settlement Administrator, which shall contain information about the Settlement. The Settlement

Website, www.horizondatasettlement.com, will be publicly viewable and contain broad information about the Settlement, including but not limited to, a copy of the Complaint, Preliminary Approval Order, Long Form Notice, Short Form Notice, FAQs, and Claim Form, the deadlines for filing a claim, objection, or exclusion request; and the date of the Final Approval Hearing. The Claim Form may also be submitted online through the Settlement Website.

49.     "**Short Form Notice**" is the postcard notice that will be mailed to Settlement Class Members, the content of which will be substantially in the form attached as **Exhibit D**.

50.     "**Taxes and Tax-Related Expenses**" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendant with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

## III.    SETTLEMENT FUND

51.     **Establishment of Settlement Fund**. The Settlement Administrator shall provide wiring instructions and a properly completed and duly executed IRS Form W-9, along with any other necessary forms, to Defendant within four (4) days of the entry of the Effective Date. Defendant shall deposit the balance of the Settlement Fund with the Settlement Administrator within five (5) days of the Effective Date.

52.     **Qualified Settlement Fund**. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Settlement Agreement, upon request of any of the Parties.

53.     **Custody of Settlement Fund**. The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or the balance returned to those who paid the Settlement Fund in the event this Settlement Agreement is terminated in accordance with Paragraphs 75-76.

54.     **Use of the Settlement Fund**. As further described in this Settlement Agreement and in **Exhibit B**, the Settlement Fund shall be used by the Settlement Administrator to pay for the following: (1) Settlement Payments to satisfy Approved Claims of Settlement Class Members; (2) payment of the Designatited *Cy Pres* amount; (3) Notice and Administrative Expenses; (4) Fee Award and Expenses as awarded by the Court; and (5) transfer of Remainder Funds to the extent any exist following the preceding administration of payments. No amounts may be withdrawn from the Settlement Fund unless expressly authorized by this Settlement Agreement or approved by the Court.  Responsibility for effectuating payments described in this Paragraph shall rest solely with the Settlement Administrator, and neither Defendant nor Defendant's agents shall have any responsibility whatsoever with respect to effectuating such payments.

55.     **Taxes and Representations**. Taxes and Tax-Related Expenses relating to the Settlement Fund, if any, shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty, and have no responsibility, with respect to the tax treatment by any Settlement Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Settlement Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Participating Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Settlement Agreement.

## IV.    SETTLEMENT BENEFITS AND ADMINISTRATION

56.     No later than 90 days following the Effective Date, the Settlement Administrator will make Settlement Payments for Approved Claims from the Settlement Fund to Settlement Class Members who submit valid and timely Claim Forms. Claims will be subject to review for completeness and plausibility by the Settlement Administrator, and Settlement Class Members will have the opportunity to seek review by the Parties' counsel, if they dispute the Settlement Administrator's initial determination.

   i. **$50 Cash Compensation (Cash Payment)**: All Settlement Class Members may submit a claim for up to $50 in cash compensation.  Settlement Class Members must submit their Unique Class Member ID number, if direct notice was given to them, or an attestation under penalty of perjury that their personal information was impacted in this Data Security Incident, along with their name and address, if they received notice by publication. No other documentation is required. The amount of the cash payments may decrease on a pro rata basis depending upon the number of valid and approved claims submitted.

   ii. **Compensation for Out-of-Pocket Losses**: The Settlement Administrator, from the Settlement Fund, will provide compensation, up to a total of $5,000 per Settlement Class Member, upon submission of a Claim Form and

supporting documentation, for Out-of-Pocket Losses incurred as a result of the Data Security Incident, including, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Security Incident through the date of claim submission; and/or miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

Settlement Class Members with Out-of-Pocket Losses must submit documentation supporting their claims. This can include receipts or other documentation of the costs incurred, but does not include documentation that is "self-prepared" by the claimant. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation.

iii. **Compensation for Lost Time**: The Settlement Administrator, from the Settlement Fund, will provide compensation for up to 5 hours of lost time at $25.00/hour ($125.00 cap) for time spent mitigating the effects of the Data Security Incident. Settlement Class Members may submit claims for up to 5 hours of lost time with only an attestation demonstrating that they spent the claimed time responding to issues raised by the Incident. This attestation may be completed by checking a box on the Claim Form next to the sentence: "I swear and affirm that I spent the amount of time noted in response to the Horizon Actuarial Data Security Incident." Claims for lost time can be combined with claims for Out-of-Pocket loss but are subject to the $5,000 aggregate cap.

iv. **California Claims**: Settlement Class Members may claim via the Claim Form an additional benefit of up to $50.00 per Settlement Class Member as compensation for any statutory damages available for their statutory claim(s) under California law ("California Claims"). To be eligible to receive compensation for California Claims, Settlement Class Members must attest, under penalty of perjury, that they were residents of California at the time of the Data Security Incident. To redeem this $50.00 benefit, Settlement Class Members need not submit any documentation.  California Claims are not subject to the $5,000 aggregate cap for Compensation for Out-of-Pocket Losses and Compensation for Lost Time. The amount of the California Claims may decrease on a pro rata basis depending upon the number of valid and approved claims submitted.

v. **Designated *Cy Pres***:     A payment of $50,000 to one or more court-approved charitable organizations as a *cy pres* distribution. The Parties will jointly recommend the entity or entities to the Court that will be the recipient(s) of the *cy pres* distribution.

**57. Claim Validation, Cure, and Deficiency Process**. After the Settlement Administrator reviews all Claim Forms submitted under this Settlement, it will send a summary to the Parties' Counsel identifying the number of valid claims and invalid claims. For the invalid claims, Settlement Class Members submitting such claims will be sent a deficiency notice and be given 21 days to cure any deficiencies in those Settlement Class Members' claims. The cost of the deficiency process is included the Notice and Administrative Expenses. After all claims have been fully processed, including reviewing all claims that have been cured through the deficiency process, the Settlement Administrator will send a list of all valid claims to the Parties' Counsel.

**58. <u>Settlement Administration Fees</u>**: The Settlement Fund amount provided by Defendant, or on behalf of Defendant, will pay the entirety of the Notice and Administrative Expenses, including the cost of Notice. The Parties agree to review competitive bids for the settlement administration fees and to rely upon postcard reminder notice, all in order to contain the administration costs while still providing effective notice to the Settlement Class. Notice and Administrative Expenses shall be paid through the Settlement Fund and will not be paid beyond the amount of the Settlement Fund.

**59.** Defendant will reasonably cooperate on establishing the appropriateness of the settlement terms as contemplated under Fed. R. Civ. P. 23, including, but not limited to, a full class list that identifies each class member's name and, if within Defendant's possession, mailing address.

**60.** The Settlement Fund represents the total extent of Defendant's monetary obligations under the Settlement Agreement and is made by Defendant (or on behalf of Defendant) in exchange for, and contingent on, a full, fair, and complete release of all Released Parties from Released Claims and dismissal of the Litigation with prejudice. Defendant's contribution to the Settlement Fund shall be fixed under this Settlement Agreement and shall be final, except that the costs of the CAFA Notice will be paid exclusively by Defendant outside of the Settlement Fund. Defendant shall have no obligation to make further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Fund, except insofar as such obligations are explicitly provided for in this Settlement Agreement.

**61.** Once a Settlement Administrator is mutually agreed to by the Parties and after the Settlement is preliminarily approved by the Court, the Settlement Administrator will provide Notice in a manner mutually agreed upon by the Parties, and which may consist of some hybrid form of email and direct mail.

**62.** After the Court enters an order approving the final Settlement Agreement, and no later than 90 days after the Effective Date, the Settlement Administrator shall provide the appropriate Settlement Payment to all Settlement Class Members that made a valid timely claim, subject to the procedure set forth herein.

**63.** The Parties, Class Counsel, and Defendant's Counsel shall not have any liability whatsoever with respect to (1) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (2) the management, investment or distribution of the Settlement Fund; (3) the formulation, design or terms of the disbursement of the Settlement Fund; (4) the determination,

administration, calculation or payment of any claims asserted against the Settlement Fund; (5) any losses suffered by or fluctuations in the value of the Settlement Fund; or (6) the payment or withholding of any Taxes and Tax-Related Expenses.

     **64.**    Within ten (10) business days following the filing of the motion for preliminary approval of class action settlement, the Settlement Administrator, on behalf of the Defendant, shall cause a CAFA Notice to be served upon the appropriate State and Federal officials. All expenses incurred in connection with the preparation and service of the CAFA Notice shall be borne by Defendant and under no circumstances will be borne by Plaintiffs, or Class Counsel, and will not be payable from the Settlement Fund.

## V.    SETTLEMENT CLASS NOTICE, OPT-OUTS, AND OBJECTIONS

     **65.**    **Notice**. Within twenty-one (21) days after the date of the Preliminary Approval Order, Defendant shall provide the Settlement Class List to the Settlement Administrator. Within thirty (30) days after the date of the Preliminary Approval Order, the Settlement Administrator shall disseminate Notice to the Settlement Class Members. Notice shall be disseminated via U.S. mail to Settlement Class Members' mailing addresses, to the extent known, and via Publication Notice; additionally, Notice shall be published on the Settlement Website. Class Counsel may direct the Settlement Administrator to send reminder notices to Settlement Class Members at any time prior to the Claims Deadline.

     **66.**    **Final Approval Hearing.** The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Settlement Class Member who does not file a timely and adequate objection in accordance with Paragraph 68 waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

     **67.**    **Opt-Outs**. The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement. The Notice must state that any Settlement Class Member who does not file a timely Request for Exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

     **68.**    **Objections**. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement or Fee and Expense Application by submitting written objections to the Court no later than the Objection Deadline. For an objection to be a valid objection under the Settlement, it must be in writing, postmarked by the Objection Deadline, filed with/or mailed to the Court and the Settlement Administrator and must include (1) the name of the proceedings; (2) the Settlement Class Member's full name, current mailing address, and telephone number; (3) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (4) the identity of any attorneys representing the objector; (5) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval

Hearing; (6) a statement identifying all class action settlements objected to by the Settlement Class Member in the previous five (5) years; and (7) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

69.     **Settlement Website Deactivation.** The Settlement Website will remain active until 90 days after the Effective Date, at which time the Settlement Administrator shall deactivate the Settlement Website.

## VI.   PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION

70.     **Certification of the Settlement Class**. For purposes of this Settlement only, Defendant agrees not to object to the certification of the Settlement Class, which is contingent upon both the Court entering the Final Approval Order of this Settlement and the occurrence of the Effective Date.

71.     **Preliminary Approval**. Following execution of this Settlement Agreement, Class Counsel shall file a motion for preliminary approval of the Settlement, in a form agreeable to the Parties, within thirty (30) days thereof or a date thereafter that is agreeable to the Parties and the Court.

72.     **Final Approval**. Class Counsel shall move the Court for a Final Approval Order of this Settlement, to be issued following the Final Approval Hearing, within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Deadline; and at least 90 days after Defendant notifies the appropriate government officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

73.     **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement that cannot be resolved by negotiation and agreement by Parties' Counsel. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Settlement Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Settlement Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to Notice and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

## VII.   MODIFICATION AND TERMINATION

74.     **Modification**. The terms and provisions of this Settlement Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that after entry of the Preliminary Approval Order the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's

Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Settlement Agreement.

75. **Settlement Not Approved.** If: (1) the Court does not issue the Preliminary Approval Order or Final Approval Order; (2) the Effective Date does not occur; or (3) the Final Approval Order is modified or reversed in any material respect by any appellate or other court, the Parties shall have sixty (60) days from the date of such non-occurrence during which the Parties shall work together in good faith in considering, drafting, and submitting reasonable modifications to this Settlement Agreement to address any issues identified by the Court or that otherwise caused the Preliminary Approval Order or Final Approval Order not to issue or the Effective Date not to occur. If such efforts are unsuccessful, either Party may at their sole discretion terminate this Settlement Agreement on seven (7) days written notice to the other Party. For avoidance of any doubt, neither Party may terminate the Settlement Agreement while an appeal from an order granting approval of the Settlement is pending.

76. **Termination**. Defendant may also unilaterally terminate this Settlement Agreement on seven (7) days written notice to Class Counsel if more than the agreed-upon number of individuals (more than 300 Settlement Class Members) submit valid Requests for Exclusion.

77. **Effect of Termination**. In the event of a termination as provided in Paragraphs 75 and 76, this Settlement Agreement and the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into this Settlement Agreement. Further, in the event of such a termination, any certification of the Settlement Class shall be void. Defendant reserves the right to contest class certification for all purposes other than the court approval of this Settlement Agreement. This Settlement Agreement (and related documents) and any orders preliminarily or finally approving the certification of any class contemplated by the Settlement Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion. In addition: (1) the fact that Defendant did not oppose certification of a class under the Settlement shall not be used or cited thereafter by any person or entity, including in a contested proceeding relating to class certification and (2) in the event of such a termination, all of the Parties' respective pre-Settlement Agreement claims and defenses will be preserved.

## VIII.   <u>RELEASES</u>

78. **Released Parties and Released Claims.** Upon Final Approval of this Settlement Agreement, Settlement Class Members, individually and on behalf of their agents, heirs, executors, administrators, representatives, successors, assigns, and anyone who claims or may claim by and/or through any of the foregoing, release, acquit, and forever discharge Defendant and its past and present agents, subsidiaries, parents, affiliates, and clients (including the multiemployer benefit plans that Defendant services along with the agents, subsidiaries, parents, affiliates, and clients of those multiemployer benefit plans), and each of their respective past and present employees, officers, directors, shareholders, partners, members, managers, owners, principals, heirs, executors, predecessors, successors, assigns, advisors, consultants, vendors, contractors, attorneys, representatives, insurers (including excess insurers and reinsurers), and/or sureties

13

("Released Parties") from any claims, demands, actions, causes of action, or any other right to seek damages, liability, costs, or relief of any kind, whether statutory or at common law, that each Settlement Class Member has, had, or may ever have, now or in the future, known or unknown, arising out of or in any way related to the Data Security Incident, whether or not those claims, demands, actions, causes of action, or rights have been pleaded or otherwise asserted in the Litigation or elsewhere, including any and all damages, losses, or consequences thereof ("Released Claims").

79.    Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Settlement Agreement.

80.    **Mutual Understanding.** The Parties understand that if the facts upon which this Settlement Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Settlement Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Settlement Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

81.    **Bar to Future Suits.** Upon entry of the Final Approval Order, the Settlement Class Representatives and all other Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Defendant or based on any actions taken by any of the Released Parties that are authorized or required by this Settlement Agreement or by the Final Approval Order. It is further agreed that the Settlement Agreement may be pleaded as a complete defense to any proceeding subject to this section.

## IX.    ATTORNEYS' FEES, COSTS, EXPENSES

82.    **Attorneys' Fees and Costs and Expenses**. Within forty-five (45) days after the Notice Deadline, Class Counsel will file a Fee and Expense Application for an award of attorneys' fees to be paid from the Settlement Fund not to exceed one-third (33.33%) of the Settlement Fund for fees, or $2,583,075.00 and the litigation expenses shall not exceed $50,000.00. Prior to the disbursement or payment of the Fee Award and Expenses under this Settlement Agreement to the IOLTA trust account of Markovits, Stock & DeMarco, LLC ("MSD"), MSD shall provide to the Settlement Administrator a properly completed and duly executed IRS Form W-9. Fee Award and Costs (plus any interest accrued thereon) shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than seven (7) days after the Effective Date.

## X.    NO ADMISSION OF LIABILITY

83.    **No Admission of Liability**. The Parties understand and acknowledge that this Settlement Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Settlement Agreement shall be deemed or construed to be an admission of the

truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any Party of any fault, liability, or wrongdoing of any kind whatsoever.

84.     **No Use of Agreement**. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of it: (1) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs or on behalf of the class; or (2) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by Defendant in the Litigation or in any proceeding in any court, administrative agency or other tribunal.

## XI.     **MISCELLANEOUS**

85.     **Publicity.**  The Parties agree that they shall not publicize this settlement, Settlement Fund or Settlement Payment, the amount or sum of individual Settlement Class Representative's or Settlement Class Members' shares or the events and negotiations surrounding this Settlement Agreement in any way except by joint pleadings or unopposed motions filed with the Court, if required, or as otherwise provided for by this Settlement Agreement.  Subject to prior approval from Defendant, which shall not be unreasonably withheld, Class Counsel may post information on their law firm websites about the Settlement that is consistent with the notice program and Settlement. If any Party believes a statement is made in violation of this provision, the Parties shall meet-and-confer informally in an effort to resolve the dispute. If the dispute cannot be resolved informally, it shall be submitted to the Court for resolution.

86.     **Integration of Exhibits**. The exhibits to this Settlement Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Settlement Agreement.

87.     **Entire Agreement**. This Settlement Agreement, including all exhibits hereto, shall constitute the entire agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. This Settlement Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible and where such changes are non-material, the exhibits to this Settlement Agreement may be modified by subsequent agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

88.     **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this Settlement Agreement shall refer to calendar days unless otherwise specified.

89.     **Construction**. For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that this Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

**90.     Cooperation of Parties**. The Parties to this Settlement Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the settlement described in this Settlement Agreement.

**91.     Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Settlement Agreement, the Parties shall consult with each other in good faith prior to seeking Court intervention.

**92.     Governing Law**. The Settlement Agreement shall be construed in accordance with, and be governed by, the laws of the State of Georgia, without regard to the principles thereof regarding choice of law.

**93.     Counterparts**. This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically through e-mail of an Adobe PDF shall be deemed an original.

**94.     Notices**. All notices to Class Counsel provided for herein shall be sent by overnight mail and email to:

> Terence R. Coates
> MARKOVITS, STOCK & DEMARCO, LLC
> 119 East Court Street, Suite 530
> Cincinnati, OH  45202
> tcoates@msdlegal.com

All notices to Defendant provided for herein shall be sent by overnight mail and email to:

> John J. Sullivan
> COZEN O'CONNOR
> 3 WTC, 175 Greenwich St., 55th Floor
> New York, NY 10007
> jsullivan@cozen.com

The notice recipients and addresses designated above may be changed by written notice to the other Party.

**95.     Authority**. Any person executing this Settlement Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party or Parties on whose behalf he or she signs this Settlement Agreement to all of the terms and provisions of this Settlement Agreement.

By: _____     Date: ___9/20/2023_____
John J. Sullivan
Cozen O'Connor

*Counsel for Defendant*

By: _____     Date: ___9/20/2023_____
Gary M. Klinger
Milberg Coleman Bryson Phillips Grossman. PLLC

*Counsel for Plaintiffs and the Settlement Class*

17

**SETTLEMENT TIMELINE**

| | |
|---|---|
| **<u>Grant of Preliminary Approval</u>** | |
| | |
| Horizon provides Settlement Class List to the Settlement Administrator | +21 days after Preliminary Approval |
| Notice Deadline | +30 days after Preliminary Approval Order |
| | |
| Class Counsel's Fee and Expense Application | +45 days after Notice Deadline |
| | |
| Objection Deadline | +60 days after Notice Deadline |
| Opt-Out Deadline | +60 days after Notice Deadline |
| Settlement Administrator Provide to Parties List of Objections/Exclusions to the Court and Class Counsel | +70 days after Notice Deadline |
| Claims Deadline | +90 days after Notice Deadline |
| | |
| Initially Approved Claims List | +35 days after Claims Deadline |
| Initially Rejected Claims List | +35 days after Claims Deadline |
| Parties' Challenge to Any Claims | + 21 days from Deficiency Notice to Claimant |
| | |
| **<u>Final Approval Hearing</u>** | +150 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | -14 days before Final Approval Hearing Date |
| Settlement Administrator Provide to Court Notice of Opt-Outs and/or Objections | -14 days before Final Approval Hearing Date |
| | |
| **<u>Final Approval</u>** | |
| Effective Date | +35 days after Final Approval Order or 35 days from when any appeal is finalized and a final judgment is affirmed |
| Defendant Payment of Settlement Fund amount to Settlement Administrator | +5 Days after Effective Date |
| Settlement Administrator Payment of Attorneys' Fees and Expenses to Class Counsel | +7 days after Effective Date |
| Settlement Administrator mail Settlement Payments | +90 days after Effective Date |
| Settlement Website Deactivation | +90 days after Effective Date |

# EXHIBIT A

# CLAIM FORM FOR THE HORIZON ACTUARIAL SERVICES, LLC, DATA SECURITY INCIDENT CLASS ACTION SETTLEMENT BENEFITS

**USE THIS FORM TO MAKE A CLAIM FOR A LOST TIME PAYMENT, OUT-OF-POCKET LOSS PAYMENT, CALIFORNIA RESIDENT CASH PAYMENT OR CASH PAYMENT**

For more information, call 1-888-888-8888 or visit the website *www.horizondatasettlement.com*
*Para una notificación en Español, pueda llamar 1-888-888-8888 o visitar nuestro sitio de web*
***www.horizondatasettlement.com.***

**The DEADLINE to submit this Claim Form online (or have it postmarked for mailing) is**

**[XXXX XX, 202X]**

## I.      GENERAL INSTRUCTIONS

If your private information may have been impacted in a data security incident involving Horizon Actuarial Services, LLC, or Horizon Actuarial, you are a Settlement Class Member. The event that may have impacted your data is referred to here as the "Data Security Incident."

The Settlement establishes a $7,750,000.00 fund to compensate Settlement Class Members for their lost time and out-of-pocket losses or expenses as well as for the costs of notice and administration, and attorneys' fees and expenses as awarded by the Court. As a Settlement Class Member, you are eligible for cash payments as reimbursement for your time and money spent in response to the Data Security Incident (such as money spent on credit monitoring), as well as for any money you lost as a result of incidents of fraud or identity theft resulting from the Data Security Incident. You must fill out this claim form to receive these benefits. **You may submit a claim for one or more of these benefits, including that you may receive a lost time payment, Out-of-Pocket Loss payment, a cash payment and/or California resident cash payment.**

The claimable benefits are as follows:

### a.    Lost Time Claims

You may submit a claim for reimbursement for time spent resolving issues attributable to the Data Security Incident. You will be reimbursed at $25/hour for up to 5 hours of time spent, **up to $125 total.** By filling out this claim form, you must attest to the amount of time you spent attempting to mitigate the effects of the Data Security Incident on your life. This can include, for example, time spent on the phone with banks, time spent dealing with replacement card issues or reversing fraudulent charges, time spent monitoring accounts, or time spent freezing your credit. **You do not have to include documentation of your lost time. Instead, you can swear, under penalty of perjury, to the amount of time you spent**.

### b.    Out-of-Pocket Losses

You are eligible to receive reimbursement for money you paid to protect yourself from the Data Security Incident, such as money spent on a credit monitoring service. You are also eligible to receive reimbursement for money you lost as a result of fraud or identity theft, if that money has not been reimbursed from another source. This includes:

- Any costs incurred from credit monitoring services or ordering copies of your credit report;
- Late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, and/or card

cancellation or replacement fees;

- Late fees from transactions with third parties that were delayed due to fraud or card replacement;
- Unauthorized charges on credit, debit, or other payment cards that were not reimbursed;
- Parking expenses or other transportation expenses for trips to a financial institution to address fraudulent charges or receive a replacement payment card;
- Costs incurred obtaining credit freezes; and
- Other expenses that are reasonably attributable to the Data Security Incident that were not reimbursed.

These Out-of-Pocket Losses must be documented; you must submit copies of documents supporting your claims, such as receipts or other documentation. "Self-prepared" documents, such as handwritten receipts, will not count as documentation, but you can submit them as clarification to other, official documents. You cannot recover more than $5,000 in Out-of-Pocket Loss, less any lost time claims.

### c. $50 Cash Compensation (Cash Payment)

All Settlement Class Members may submit a claim for up to $50 in cash compensation. Settlement Class Members must submit their Unique Class Member ID number, if direct notice was given to them, or an attestation under penalty of perjury that their personal information was impacted in this Data Security Incident, along with their name and address, if they received notice by publication. No other documentation is required. The amount of the cash payments may decrease on a pro rata basis depending upon the number of valid and approved claims submitted.

### d. California Residents

Settlement Class Members who were California residents at the time of the Data Security Incident may be entitled to an additional payment of up to $50. To prove California residency, you may swear, under penalty of perjury, to the span of time you lived in California. The amount of the California Claims may decrease on a pro rata basis depending upon the number of valid and approved claims submitted.

In the unlikely event that too many claims are submitted lost time and Out-of-Pocket Losses to be fully funded from the Settlement Fund, your payment on these claims may also be reduced pro rata.

### Completing the Claim Form

This Claim Form may be submitted online at **www.horizondatasettlement.com** or completed and mailed to the address below. Please type or legibly print all requested information in blue or black ink. If submitting by U.S. mail, mail your completed Claim Form, including any supporting documentation, to:

Horizon Actuarial Services Data Security Incident
Settlement Administrator
P.O. Box XXXX
XXXXX, XX XXXXX

## II.    CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes prior to distribution of cash payments, you must notify the Settlement Administrator in writing at the address above.

Claimant Name: _____

First Name                                    MI      Last Name

Street Address:

_____

Street Address Second Line:

_____

City: _____   State: _____   Zip Code: _____

Class Member ID:

_____

If you received a notice of this Settlement by U.S. mail, your Class Member ID is on the envelope or postcard.
If you received a notice of this Settlement by email, your Class Member ID is in the email.

If you received notice by some other means, please complete the following by checking the box if applicable:

☐     I declare under penalty of perjury under the laws of the United States of America that my personal information was impacted in this Data Security Incident.

E-mail Address: _____

[optional] Daytime Phone Number: ( _____ ) _____ - _____

[optional] Evening Phone Number: ( _____ ) _____ - _____

**You may submit a claim for one or more of these benefits:**

### 1)  CASH PAYMENT

I would like to claim a cash payment under the Settlement. **(circle one)**

**Yes            No**

** The payment under this option will originally be set at $05; however, the value of the cash payment under this option will be decreased pro rata based upon the number of valid and approved claims submitted.

### 2)  LOST TIME PAYMENT

☐    Please check this box here if you are electing to seek reimbursement for Lost Time you undertook to prevent or mitigate fraud and identity theft following the announcement of the Data Incident.

Settlement Class Members who elect to submit a Claim for Lost Time Payment may claim no more than $125 at $25/hour for five hours of time actually spent addressing issues arising from the Data Security Incident. If you are selecting reimbursement for Lost Time, you must fill in the blanks in this section and sign the certification below.

I, _____, declare that I suffered Lost Time. Specifically, I spent the following number of

/Name/

hours in response to the Data Incident: (circle one)      1      2      3      4      5

### 3)   REIMBURSEMENT FOR OUT-OF-POCKET LOSSES

☐ Please check this box here if you are electing to seek reimbursement for unreimbursed **Out-of-Pocket Losses** and such claimed losses above will total no more than $5,000.00, inclusive of any Lost Time Payment. You must provide reasonable documentation of the claimed Out-of-Pocket Losses. Self-attested documentation will not suffice. See below for more information.

### 4)   CASH PAYMENT TO CALIFORNIA RESIDENTS

California residents, due to the heightened statutory damages available to them under California law, may elect to receive an up to $50 cash payment under the Settlement.

If you are a California resident, would you like to receive an up to $50 cash payment under the Settlement? **(circle one)**

**Yes**          **No**

☐ I declare under penalty of perjury under the laws of the United States of America that I was a resident of California at the time of this Data Security Incident.

**Making a Claim for Out-of-Pocket Expenses**

In order to make a claim for Out-of-Pocket Expenses, **you must** (i) fill out the information below, or fill out a separate sheet to be submitted with this Claim Form; (ii) sign the Certification at the end of this Claim Form (section III); and (iii) include reasonable documentation supporting each claimed loss along with this Claim Form. Out-of-Pocket losses need to be deemed fairly traceable to the Data Security Incident by the Settlement Administrator based on the documentation you provide and the facts of the Data Security Incident.

**Failure to meet the requirements of this section may result in your claim being rejected by the Settlement Administrator.**

| Out-of-Pocket Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ☐ Unreimbursed fraud losses or charges. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Account statement with unauthorized charges highlighted; Correspondence from financial institution declining to reimburse you for fraudulent charges.* Your documents: _____ _____ |
| ☐ Professional fees incurred in connection with identity theft or falsified tax returns. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Receipt for hiring service to assist you in addressing identity theft; Accountant bill for re-filing tax return.* Your documents: _____ _____ _____ |
| ☐ Credit freeze. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Example: Receipts or account statements reflecting purchases made for credit monitoring and insurance services.* Your documents: _____ _____ |
| ☐ Credit Monitoring ordered after receipt of the Data Incident Notice. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Example: Receipts or account statements reflecting purchases made for credit monitoring and insurance services.* Your documents: _____ _____ |
| ☐ Miscellaneous expenses such as notary, fax, postage, gas, copying, mileage, and long-distance telephone charges. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Example: Phone bills, gas receipts, postage receipts; detailed list of locations to which you traveled (i.e. police station, IRS office) why you traveled there (i.e. police report or letter from IRS re: falsified tax return) and number of miles you traveled to remediate or address issues related to the Data Incident.* Your documents: _____ _____ |
| ☐ Lost interest or other damages resulting from a delayed state and/or federal tax refund in connection with fraudulent tax return filing. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Letter from IRS or state about tax fraud in your name; Documents reflecting length of time you waited to receive federal and/or state tax refund and the amount of any tax refund that you did not receive due to the tax fraud.* Your documents: _____ _____ |

| | | | |
|---|---|---|---|
| ☐ Other (provide detailed description). | ☐☐ / ☐☐ / ☐☐<br><br>(mm/dd/yy) | $☐☐☐☐.☐☐ | *Please provide detailed description below or in a separate document submitted with this Claim Form.* Your documents: _____ _____ |
| ☐ Fraudulent tax filings. | ☐☐ / ☐☐ / ☐☐<br><br>(mm/dd/yy) | $☐☐☐☐.☐☐ | *Examples: Letter from IRS or state about tax fraud in your name; Accountant bill for re-filing tax return.* Your documents: _____ _____ _____ |
| ☐ Opening of bank accounts and/or credit cards in your name. | ☐☐ / ☐☐ / ☐☐<br><br>(mm/dd/yy) | $☐☐☐☐.☐☐ | *Examples: Notification from bank of new credit card or account; correspondence with bank about closing the account.* Your documents: _____ _____ _____ |
| ☐ Government benefits taken in your name. | ☐☐ / ☐☐ / ☐☐<br><br>(mm/dd/yy) | $☐☐☐☐.☐☐ | *Examples: Notification of unemployment benefits being taken; correspondence with agency regarding issue.* Your documents: _____ _____ _____ |

If you **do not submit** reasonable documentation supporting a claim for Out-of-Pocket Losses, or your claim for an Out-of-Pocket Loss payment is rejected by the Settlement Administrator for any reason and you do not cure the defect, only your claims for Lost Time, Cash Payment and/or California Resident Cash Payment, if such claims are made, will be considered.

## III.   CERTIFICATION

By submitting this Claim Form, I certify that I am eligible to make a claim in this settlement and that the information provided in this Claim Form and any attachments are true and correct. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I understand that this claim may be subject to audit, verification, and Court review and that the Settlement Administrator may require supplementation of this Claim or additional information from me. I also understand that all claims for payments under this Settlement are subject to the availability of settlement funds and may be reduced in part or in whole, depending on the type of claim and the determinations of the Settlement Administrator.


Signature: _____          Date: _____

Print Name: _____

# EXHIBIT B

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF GEORGIA**

*Sherwood, et al. v. Horizon Actuarial Services, LLC*, No. 1:22-cv-01495-ELR
<u>A court has authorized this notice.  This is not a solicitation from a lawyer.</u>

---

**If You Were Impacted by the Horizon Actuarial Data Security Incident,
You Could be Eligible for a Payment from a Class Action Settlement**

---

- You may be eligible to receive a payment from a proposed $7,750,000.00 non-reversionary class action settlement (the "Settlement Fund").
- The class action lawsuit concerns a data security incident that occurred in November 2021 (the "Data Security Incident") involving Horizon Actuarial Services, LLC. ("Horizon Actuarial" or "Defendant") in which it was determined that an unauthorized third party may have gained access to certain Horizon Actuarial servers containing personal information of individuals associated with the multiemployer benefit plans Horizon Actuarial services, including names, Social Security numbers, dates of birth, and benefit plan information ("Private Information"). Horizon Actuarial denies any wrongdoing and denies that it has any liability, but has agreed to settle the lawsuit on a classwide basis.
- To be eligible to make a claim, you must be a member of the Settlement Class, meaning an individual whose personal information may have been impacted during the Data Security Incident, including those individuals who received a letter from Horizon Actuarial notifying them of the Data Security Incident.
- Eligible claimants under the Settlement Agreement will be eligible to receive one, two, three and/or four of the following Settlement benefits:

    ❖ <u>**Out-of-Pocket Loses**</u>**: Reimbursement up to $5,000 for the actual amount of unreimbursed out-of-pocket losses or expenses related to the Data Security Incident, with supporting documentation of the monetary losses or expenses;**

    ❖ <u>**Lost Time**</u>**: Compensation of up to $125 for time spent dealing with issues related to the Data Security Incident, including but not limited to reviewing your accounts, enrolling in credit protection services, or responding to fraud, identity theft, or other alleged misuse of your personal information that is fairly traceable to the Data Security Incident;**

    ❖ <u>**California Resident Cash Payment**</u>**: Compensation of up to $50 for eligible California residents.  and/or,**

    ❖ <u>**Cash Payment**</u>**:  Up to a $50 cash payment from the Settlement Fund for all Class Members who claim it, that will be decreased pro rata depending on the number of valid and approved claims made.**

- For more information or to submit a claim visit **www.horizondatasettlement.com** or call 1-###-###-#### Monday through Saturday, between 8:30 a.m. and 5:00 p.m. E.T.

- **Please read this notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

|  | Summary of Legal Rights | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | The only way to receive payment. | Submitted or Postmarked on or Before _____, 2024 |
| **Exclude Yourself By Opting Out of the Class** | Receive no payment. This is the only option that allows you to keep your right to bring any other lawsuit against Defendant for the same claims if you are a Settlement Class Member. | Submitted or Postmarked on or Before _____, 2023 |
| **Object to the Settlement and/or Attend the Fairness Hearing** | You can write the Court about why you agree or disagree with the Settlement. The Court cannot order a different Settlement. You can also ask to speak to the Court at the Final Approval Hearing on _____, 2024 about the fairness of the Settlement, with or without your own attorney. | Received on or Before _____, 2023 |
| **Do Nothing** | Receive no payment. Give up rights if you are a Settlement Class Member. | No Deadline. |

- Your rights and options as a Settlement Class Member – and the deadlines to exercise your rights – are explained in this notice.
- The Court still will have to decide whether to approve the Settlement. Payments to class members will be made if the Court approves the Settlement and after any possible appeals are resolved.

## What This Notice Contains

Basic Information ............................................................................................................. 3

Who is in the Settlement ................................................................................................. 4

The Settlement Benefits—What You Get if You Qualify ........................................... 4

How do You Submit a Claim ......................................................................................... 5

What Does Defendant Get .............................................................................................. 6

Excluding Yourself from the Settlement ..................................................................... 6

Objecting to the Settlement ........................................................................................... 7

The Lawyers Representing You ..................................................................................... 7

The Court's Final Approval Hearing ........................................................................... 8

If You Do Nothing ........................................................................................................... 9

Getting More Information ............................................................................................... 9

- 2 -

## BASIC INFORMATION

The Court authorized this notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to give "final approval" to the Settlement. This notice explains the nature of the lawsuit that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

United States District Court Judge Eleanor L. Ross of the Northern District of Georgia is overseeing this case captioned as *Sherwood, et al. v. Horizon Actuarial Services, LLC*, No. 1:22-cv-01495-ELR (N.D. Ga.). The people who brought the lawsuit are called the Plaintiffs, Justin Sherwood, Lindsey Quan, Tabatha Bedont f/k/a Tabatha Johnson, Greg Torrano, Jennifer Hill, Sia Moody, Anthony Ruiz, Alice Dodd, Frederick Lewis, Douglas Ackman, Ryan Evans, Amber Thomas, and Maria and, Chavez. The entity being sued, Horizon Actuarial Services, LLC, is called the Defendant.

The lawsuit claims that Defendant was responsible for the Data Security Incident and asserts claims such as: negligence, negligence *per se*, unjust enrichment, declaratory judgment and injunctive relief, invasion of privacy, violation of the Arkansas Deceptive Trade Practices Act, violation of the California Consumer Privacy Act, violation of California's Customer Records Act, violation of the unlawful and unfair prong of California's Unfair Competition Law, violation of Idaho's Consumer Protection Act, violation of the Illinois Consumer Fraud Act, violation of Louisiana's Database Security Breach Notification Law, violation of Louisiana's Unfair Trade Practices and Consumer Protection Law, violation of Nevada's Deceptive Trade Practices Act, violation of North Carolina's Unfair Trade Practices Act, violations of Oregon's Unfair Trade Practices Act, and violations of O.C.G.A. § 13-6-11.

Defendant denies these claims and says it did not do anything wrong. No court or other judicial entity has made any judgment or other determination that Defendant has any liability for these claims or did anything wrong.

In a class action, one or more people called class representatives or representative plaintiffs sue on behalf of all people who have similar claims. Together, all of these people are called a class, and the individuals are called class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

The Court has not decided in favor of the Plaintiffs or Defendant. Instead, both sides agreed to the Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to members of the Settlement Class ("Settlement Class Members"). The Class Representatives appointed to represent the Settlement Class and the attorneys for the Settlement Class ("Class Counsel," see Question 18) think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

You are affected by the Settlement and potentially a member of the Settlement Class if you reside in the United States and your Private Information may have been impacted during the Data Security Incident, including if you were mailed a notification by or on behalf of Horizon Actuarial regarding

the Data Security Incident.

Only Settlement Class Members are eligible to receive benefits under the Settlement. Specifically excluded from the Settlement Class are (1) the judge presiding over the class action lawsuit and her direct family members; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid request to be excluded from the Settlement.

If you are not sure whether you are included in the Settlement, you may call 1-###-###-#### with questions. You may also write with questions to:

Horizon Actuarial Services Settlement Administrator
address
address
**www.horizondatasettlement.com**

### THE SETTLEMENT BENEFITS – WHAT YOU GET IF YOU QUALIFY

The Settlement provides that Defendant will fund the following payments up to a total of $7,750,000: (a) up to $5,000 for reimbursement of your documented Out-of-Pocket Losses reasonably traceable to the Data Security Incident; (b) $25 per hour, up to a total of $125, for Settlement Class Members who attest that the time claimed was actually spent as a result of the Data Security Incident; and (c) an up to $50 payment, subject to adjustment as set forth below. Settlement Class Members who were living in California at the time of the Data Security Incident may claim an additional payment of up to $50.

Defendant will also fund a $50,000 Designated *Cy Pres* Payment, to be paid from the Settlement Fund.

The Cash Payment and California payment will be dispersed after the distribution of attorneys' fees, Class Counsel's litigation expenses, Notice and Administrative Expenses, Designated *Cy Pres*, and other Settlement benefits to claimants. The amount of these Cash and California payments are subject to pro rata reduction as needed in the event that the total claims exceed the $7,750,000 cap on payments to be made by Defendant. Any uncashed checks will be expended from the Settlement Fund through a *cy pres* distribution. Payment of (1) attorneys' fees, costs, and expenses (see Question 19) and (2) the costs of notifying the Settlement Class and administering the Settlement will also be paid out of the Settlement Fund.

Settlement Class Members who submit a claim are eligible to receive one or more of the following benefits:

    a) Reimbursement of actual, documented, unreimbursed Out-of-Pocket Losses resulting from the Data Security Incident (up to $5,000 in total), such as the following incurred on or after November 10, 2021:

        • any costs incurred from credit monitoring services or ordering copies of your credit report;

        • late fees, declined payment fees, overdraft fees, returned check fees, customer service

      fees, and/or card cancellation or replacement fees;

- late fees from transactions with third parties that were delayed due to fraud or card replacement;
- unauthorized charges on credit, debit, or other payment cards that were not reimbursed;
- parking expenses or other transportation expenses for trips to a financial institution to address fraudulent charges or receive a replacement payment card;
- costs incurred obtaining credit freezes; and
- other expenses that are reasonably attributable to the Data Security Incident that were not reimbursed;

b) Compensation for time spent (lost time) remedying issues related to the Data Security Incident, up to 5 hours at $25.00/hour for time spent in response to the Data Security Incident for a total amount of up to $125 (subject to the $5,000 cap on Out-of-Pocket Losses); and/or;

c) A cash payment of up to $50 for Settlement Class Members who were living in California at the time of the Data Security Incident), and a cash payment of up to $50 for all Settlement Class Members who claim it. These payments may be adjusted downward pro rata based on how many other claims are made.

## HOW DO YOU SUBMIT A CLAIM?

To receive a benefit under the Settlement, you must complete and submit a claim for that benefit (a "Claim"). Every Claim must be made on a form ("Claim Form") available at **www.horizondatasettlement.com** or by calling 1-###-###-####. Claim Forms will also be sent to Settlement Class Members as part of the postcard notice and tear-off claim form that will be mailed to Settlement Class Members. Read the instructions carefully, fill out the Claim Form, provide the required documentation, and submit it according to the instructions on the Claim Form.

The Settlement Administrator will decide whether and to what extent any Claim made on each Claim Form is valid. The Settlement Administrator may require additional information. If you do not provide the additional information in a timely manner then the Claim will be considered invalid and will not be paid.

The Court will hold a Final Approval Hearing on _____, 2024 at _____.m. ET to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving those can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Please be patient.

## WHAT DOES DEFENDANT GET?

The Defendant gets a release from all claims covered by this Settlement. Thus, if the Settlement becomes final and you do not exclude yourself from the Settlement, you will be a Settlement Class Member and you will give up your right to sue Defendant and other persons ("Released Parties") as to all claims ("Released Claims") arising out of or relating to the Data Security Incident. This release is described in the Settlement Agreement, which is available at

**www.horizondatasettlement.com.** If you have any questions you can talk to the law firms listed in Question 18 for free or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of this Settlement, then you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class.

If you exclude yourself you will not be entitled to receive any benefits from the Settlement, but you will not be bound by any judgment in this case.

Unless you exclude yourself, you give up any right to sue Defendant (and any other Released Parties) for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you want to exclude yourself, then do not submit a Claim Form to ask for any benefit under the Settlement.

To exclude yourself, send a letter that says you want to be excluded or opt-out from the Settlement in *Sherwood, et al. v. Horizon Actuarial Services, LLC*, No. 1:22-cv-01495-ELR (N.D. Ga.). The letter must: (a) state your full name, address, and telephone number; (b) contain your personal and original signature or the original signature of a person authorized by law to act on your behalf; and (c) state unequivocally your intent to be excluded from the Settlement. You must mail your exclusion request postmarked by _____, **2023,** to:

Horizon Actuarial Services Settlement Administrator
Attn: Exclusion Request
address
address

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it by objecting to the Settlement. The Court will consider your views in its decision on whether to approve the Settlement. The Court can only approve or deny the Settlement and cannot change its terms. To object, you must mail your objection to the Clerk of the Court and the Settlement Administrator, at the mailing addresses listed below, postmarked by **no later** than the Objection Deadline, _____, **2023**:

| Court | Settlement Administrator |
|---|---|
| Clerk of the Court<br>Richard B. Russell Federal Building<br>2211 United States Courthouse<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303-3309 | Epiq |

Your objection must be written and must include all of the following: (1) the name of the proceedings; (2) the Settlement Class Member's full name, current mailing address, and telephone number; (3) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (4) the identity of any attorneys representing the objector; (5) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (6) a statement identifying all class action settlements objected to by the Settlement Class Member in the previous five years; and (7) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved. You can object only if you are a Settlement Class Member. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any payment from the Settlement. If you exclude yourself, then you have no basis to object because you are no longer a member of the Settlement Class and the case no longer affects you. If you submit both a valid objection and a valid request to be excluded, you will be deemed to have only submitted the request to be excluded.

## THE LAWYERS REPRESENTING YOU

The Court appointed Terence R. Coates of Markovits, Stock & DeMarco, LLC; Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; and Kenya J. Reddy of Morgan & Morgan as Class Counsel to represent the Class. If you want to be represented by your own lawyer, then you may hire one at your own expense.

Class Counsel will ask the Court for an award for attorneys' fees up to $2,583,075.00, plus litigation expenses not to exceed $50,000. Defendant has agreed not to object to any award of attorneys' fees, costs, and expenses up to those amounts, to the extent they are approved by the Court. This payment for any attorneys' fees and expenses to Class Counsel will be made out of the Settlement Fund. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

Any award for attorneys' fees and expenses for Class Counsel must be approved by the Court. The Court may award less than the amount requested. Class Counsel's papers in support of final approval of the Settlement will be filed no later than _____, 2023 and their application for attorneys' fees, costs, and expenses will be filed no later than _____, 2023 and will be posted on the settlement website.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a Final Approval Hearing at _____ m. ET on _____, 2024, at 2167 Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303, Courtroom 2107 or by remote or virtual means as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, then the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the request for an

award of attorneys' fees and reasonable costs and expenses. After the hearing the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a  different date or time without additional notice, so Class Counsel recommend checking **www.horizondatasettlement.com** or calling 1-###-###-####.

Class Counsel will present the Settlement Agreement to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 16, the Court will consider it.

You may ask the Court for permission to speak at the final fairness hearing. To do so, you must file an objection according to the instructions in Question 16, including all the information required. Your objection must be **mailed** to the Clerk of the Court and Settlement Administrator postmarked no later than _____, 2023.

### IF YOU DO NOTHING

If you do nothing you will not get any money from this Settlement. If the Settlement is granted final approval and the judgment becomes final, then you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant and the other Released Parties based on any of the Released Claims related to the Data Security Incident, ever again.

### GETTING MORE INFORMATION

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at **www.horizondatasettlement.com.**   You may also call the Settlement Administrator with questions or to receive a Claim Form at 1-###-###-####.

This Notice is approved by the United States District Court for the Northern District of Georgia. **DO NOT CONTACT THE COURT DIRECTLY IF YOU HAVE QUESTIONS ABOUT THE SETTLEMENT**. Please contact the Settlement Administrator or Class Counsel if you have any questions about the Settlement.

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JUSTIN SHERWOOD, LINDSEY QUAN, TABATHA BEDONT F/K/A TABATHA JOHNSON, GREG TORRANO, JENNIFER HILL, SIA MOODY, ANTHONY RUIZ, ALICE DODD, FREDERICK LEWIS, DOUGLAS ACKMAN, RYAN EVANS, AMBER THOMAS, AND MARIA CHAVEZ, on behalf of themselves and all others similarly situated,** | **CIVIL ACTION NO. 1:22-CV-01495-ELR**<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| **Plaintiffs,** | |
| **v.** | |
| **HORIZON ACTUARIAL SERVICES, LLC,** | |
| **Defendant.** | |

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs and Defendant Horizon Actuarial Services, LLC ("Horizon Actuarial" or "Defendant"). After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1.      The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Settlement Class, the appointment of Plaintiffs Justin Sherwood, Lindsey Quan, Tabatha Bedont f/k/a Tabatha Johnson, Greg Torrano, Jennifer Hill, Sia Moody, Anthony Ruiz, Alice Dodd, Frederick Lewis, Douglas Ackman, Ryan Evans, Amber Thomas, and Maria Chavez, as the Class Representatives, the appointment of Class Counsel for Plaintiffs and the Settlement Class, the approval of Epiq as the Settlement Administrator, the various forms of class relief provided under the terms of the settlement, and the proposed method of distribution of settlement benefits are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2.      The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Settlement Class:

> The individuals whose personal information may have been impacted during the Data Security Incident, including those individuals who received a letter from Horizon Actuarial notifying them of the Data Security Incident. Excluded from the Settlement Class are: (1) the judge presiding over this Action and members of her direct family; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.[2]

---

[1] All capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

[2] "Data Security Incident" shall mean the November 2021 Data Security Incident

3.      For purposes of settlement, based on the information provided: the Settlement Class is ascertainable; it consists of roughly 3,892,966 Settlement Class Members, satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Security Incident, satisfying commonality; the proposed Class Representatives' claims are typical in that they allege they have been damaged by the same conduct and in the same or similar ways as the other members of the Settlement Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Settlement Class; questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4.      The Court appoints Plaintiffs Justin Sherwood, Lindsey Quan, Tabatha Bedont f/k/a Tabatha Johnson, Greg Torrano, Jennifer Hill, Sia Moody, Anthony Ruiz, Alice Dodd, Frederick Lewis, Douglas Ackman, Ryan Evans, Amber Thomas, and Maria Chavez as the Settlement Class Representatives.

---

against Horizon Actuarial giving rise to the Litigation.

5.     The Court appoints Terence R. Coates of Markovits, Stock & DeMarco, LLC; Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; and Kenya J. Ready of Morgan & Morgan as Class Counsel.

6.     The Court appoints Epiq as the Settlement Administrator.

7.     A Final Approval Hearing shall be held before the Court on_____[date]_____, 2024 at ____[time]_____ for the following purposes:

    a.  To determine whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

    b.  To determine whether to grant Final Approval, as defined in the Settlement Agreement;

    c.  To determine whether the notice plan as conducted was appropriate;

    d.  To determine whether the claims process under the Settlement is fair, reasonable, and adequate and should be approved by the Court;

    e.  To determine whether the requested Class Counsel's combined attorneys' fees, of up to 33.33% of the Settlement Fund ($2,583,075.00), and litigation expenses up to $50,000.00 should be approved by the Court;

    f.  To determine whether the settlement benefits are fair, reasonable, and adequate; and,

g.  To rule upon such other matters as the Court may deem appropriate.

8.      The Court approves, as to the form and content, the Notice plan as set forth in the Settlement Agreement. Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing Notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that such notice plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

9.      The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement:

### SETTLEMENT TIMELINE

| **Grant of Preliminary Approval** | |
|---|---|
| | |
| Horizon provides Settlement Class List to the Settlement Administrator | +21 days after Preliminary Approval |
| Notice Deadline | +30 days after Preliminary Approval Order |
| | |
| Class Counsel's Fee and Expense Application | +45 days after Notice Deadline |
| | |
| Objection Deadline | +60 days after Notice Deadline |
| Opt-Out Deadline | +60 days after Notice Deadline |
| Settlement Administrator Provide to | +70 days after Notice Deadline |

| | |
|---|---|
| Parties List of Objections/Exclusions to the Court and Class Counsel | |
| Claims Deadline | +90 days after Notice Deadline |
| | |
| Initially Approved Claims List | +35 days after Claims Deadline |
| Initially Rejected Claims List | +35 days after Claims Deadline |
| Parties' Challenge to Any Claims | + 21 days from Deficiency Notice to Claimant |
| | |
| **<u>Final Approval Hearing</u>** | +150 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | -14 days before Final Approval Hearing Date |
| Settlement Administrator Provide to Court Notice of Opt-Outs and/or Objections | -14 days before Final Approval Hearing Date |
| | |
| **<u>Final Approval</u>** | |
| Effective Date | +35 days after Final Approval Order or 35 days from when any appeal is finalized and a final judgment is affirmed |
| Defendant Payment of Settlement Fund amount to Settlement Administrator | +5 Days after Effective Date |
| Settlement Administrator Payment of Attorneys' Fees and Expenses to Class Counsel | +7 days after Effective Date |
| Settlement Administrator mail Settlement Payments | +90 days after Effective Date |
| Settlement Website Deactivation | +90 days after Effective Date |

10.     In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Notice and posted on the

Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

11.     Additionally, all requests to opt out or object to the proposed Settlement must be either postmarked or received by the Settlement Administrator no later than 60 days after the Notice Date. Any request to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by this Agreement. Opt-Out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, Epiq, or Class Counsel. Settlement Class Members who seek to Opt-Out shall receive no benefit or compensation under this Agreement.

12.     Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with and/or mailed to the Court and Settlement Administrator and postmarked within 60 days of the Notice Date and include each and all of the following:

(i)     The name of the proceeding;

(ii)    Settlement Class Member's full name, current mailing address, and telephone number;

7

(iii)   a statement of the specific grounds for the objection, as well as documents supporting the objection;

(iv)   the identity of any attorneys representing the objector;

(v)   a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing;

(vi)   a statement identifying all class action settlements objected to by the Settlement Class Member in the previous five (5) years; and;

(vii)   the signature of the Settlement Class Member or the Settlement Class Member's attorney. Any Objection failing to include the requirements expressed above will be deemed to be invalid.

Furthermore, any Settlement Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection.

13.   All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Settlement Class. The persons and entities who timely and validly request exclusion from the Settlement Class will be excluded from the Settlement Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval

8

order as to Horizon Actuarial in this Action.

14.    Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and Settlement Class Members are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Horizon Actuarial.

15.    The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Settlement Class.

**SO ORDERED**, this _____ day of _____, 2023.

_____
Eleanor L. Ross
United States District Court
Northern District of Georgia

# EXHIBIT D

Sherwood, et al. v. Horizon
Actuarial Services, LLC
c/o Settlement Administrator
P.O. Box XXXX
City, State Zip

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, STATE ZIP
PERMIT NO. XXX

<<Barcode>>

Class Member ID: <<Refnum>>

### NOTICE OF CLASS ACTION
### SETTLEMENT

You are entitled to submit a claim for
monetary compensation under a class
action settlement.

*Sherwood, et al. v. Horizon Actuarial Services,*
*LLC*, No. 1:22-cv-01495-ELR (N.D. Georgia)

**www.horizondatasettlement.com**

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

### WHO IS A CLASS MEMBER?

You are receiving this notice because records show you are likely a Settlement Class Member ("Class Member"). The Class includes everyone whose personal information may have been impacted during a data security incident that Horizon Actuarial Services, LLC ("Horizon") experienced in November 2021 ("Data Security Incident").

### WHAT ARE THE SETTLEMENT BENEFITS?

Under the Settlement, Horizon has agreed to pay $7,750,000 into a Settlement Fund that, if approved by the Court, will be distributed to Class Members who submit valid Claims (after deducting attorneys' fees and expenses and settlement administration notice and administration costs). Class Members may submit Claims to receive cash payments. Class Members who believe they suffered out-of-pocket expenses as a result of the Data Security Incident may claim up to $5,000 for the reimbursement of sufficiently documented expenses. Class Members who spent time reviewing their personal information as a result of the Data Security Incident may claim up to $125. An estimated $50 cash payment may be made to class members submitting valid claims. Class Members who were living in California at the time of the Data Security Incident may submit an additional claim for an up to $50 cash payment as compensation for their claims arising under California state law. Cash payment and California payment amounts may be adjusted downwards depending on the amount of valid Claims. More information about the types of Claims and how to file them is available at the website listed below.

### WHAT ARE YOUR RIGHTS AND OPTIONS?

**Submit a Claim Form**. To qualify for a cash payment, you must file a Claim. You can easily file your Claim online at **www.horizondatasettlement.com**, or request a paper Claim Form be mailed to you. Your Claim Form must be postmarked or submitted online no later than _____, **2024**.

**Opt Out**. You may exclude yourself from the Settlement and retain your ability to sue Horizon on your own by mailing a written request for exclusion to the Settlement Administrator that is postmarked no later than _____, **2023**. If you do not exclude

yourself, then you will be bound by the Settlement and give up your right to sue regarding the Released Claims.

**Object**. If you do not exclude yourself, you have the right to object to the Settlement. Written objections must be signed, postmarked no later than _____, **2023**, and provide the reasons for the objection.

Please visit **www.horizondatasettlement.com** for more details.

**Do Nothing**. If you do nothing, you will not receive a Settlement payment and will lose the right to sue regarding the released claims and be bound by the Court's decision.

**Attend the Final Approval Hearing**. The Court will hold a **Final Approval Hearing at _____ m. on _____, 2024** to determine if the Settlement is fair, reasonable, and adequate. All persons who timely object to the Settlement may appear at the Final Approval Hearing.

**Who are the attorneys for the Plaintiffs and the proposed Class?** The Court appointed Terence R. Coates of Markovits, Stock & DeMarco, LLC; Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; and Kenya J. Reddy of Morgan & Morgan, as Class Counsel to represent the Settlement Class. You may also hire your own attorney, but do not have to.

**Do I have any obligation to pay attorneys' fees or expenses?** No. Subject to Court approval, attorneys' fees not to exceed $2,583,333.33 and expenses not to exceed $50,000 will be paid exclusively from the Settlement Fund. The Fee and Expense Application will be posted on the Settlement Website after it is filed with the Court.

**For detailed information, please visit www.horizondatasettlement.com**