IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUSTIN SHERWOOD, LINDSEY QUAN, TABATHA BEDONT F/K/A TABATHA JOHNSON, GREG TORRANO, JENNIFER HILL, SIA MOODY, ANTHONY RUIZ, ALICE DODD, FREDERICK LEWIS, DOUGLAS ACKMAN, RYAN EVANS, AMBER THOMAS, AND MARIA CHAVEZ, on behalf of themselves and all others similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>HORIZON ACTUARIAL SERVICES, LLC,<br><br>　　　Defendant. | CIVIL ACTION NO. 1:22-CV-01495-ELR<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

　　　Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs and Defendant Horizon Actuarial Services, LLC ("Horizon Actuarial" or "Defendant"). After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Settlement Class, the appointment of Plaintiffs Justin Sherwood, Lindsey Quan, Tabatha Bedont f/k/a Tabatha Johnson, Greg Torrano, Jennifer Hill, Sia Moody, Anthony Ruiz, Alice Dodd, Frederick Lewis, Douglas Ackman, Ryan Evans, Amber Thomas, and Maria Chavez, as the Class Representatives, the appointment of Class Counsel for Plaintiffs and the Settlement Class, the approval of Epiq as the Settlement Administrator, the various forms of class relief provided under the terms of the settlement, and the proposed method of distribution of settlement benefits are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2. The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Settlement Class:

> The individuals whose personal information may have been impacted during the Data Security Incident, including those individuals who received a letter from Horizon Actuarial notifying them of the Data Security Incident. Excluded from the Settlement Class are: (1) the judge presiding over this Action and members of her direct family; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.[2]

---

[1] All capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.
[2] "Data Security Incident" shall mean the November 2021 Data Security Incident

3. For purposes of settlement, based on the information provided: the Settlement Class is ascertainable; it consists of roughly 3,892,966 Settlement Class Members, satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Security Incident, satisfying commonality; the proposed Class Representatives' claims are typical in that they allege they have been damaged by the same conduct and in the same or similar ways as the other members of the Settlement Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Settlement Class; questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4. The Court appoints Plaintiffs Justin Sherwood, Lindsey Quan, Tabatha Bedont f/k/a Tabatha Johnson, Greg Torrano, Jennifer Hill, Sia Moody, Anthony Ruiz, Alice Dodd, Frederick Lewis, Douglas Ackman, Ryan Evans, Amber Thomas, and Maria Chavez as the Settlement Class Representatives.

---

against Horizon Actuarial giving rise to the Litigation.

5.     The Court appoints Terence R. Coates of Markovits, Stock & DeMarco, LLC; Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; and Kenya J. Ready of Morgan & Morgan as Class Counsel.

6.     The Court appoints Epiq as the Settlement Administrator.

7.     A Final Approval Hearing shall be held before the Court on ____[date]_____, 2024 at ___[time]_____ for the following purposes:

    a. To determine whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

    b. To determine whether to grant Final Approval, as defined in the Settlement Agreement;

    c. To determine whether the notice plan as conducted was appropriate;

    d. To determine whether the claims process under the Settlement is fair, reasonable, and adequate and should be approved by the Court;

    e. To determine whether the requested Class Counsel's combined attorneys' fees, of up to 33.33% of the Settlement Fund ($2,583,075.00), and litigation expenses up to $50,000.00 should be approved by the Court;

    f. To determine whether the settlement benefits are fair, reasonable, and adequate; and,

      g.  To rule upon such other matters as the Court may deem appropriate.

8.     The Court approves, as to the form and content, the Notice plan as set forth in the Settlement Agreement. Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing Notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that such notice plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

9.     The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement:

**SETTLEMENT TIMELINE**

| **Grant of Preliminary Approval** | |
|---|---|
| | |
| Horizon provides Settlement Class List to the Settlement Administrator | +21 days after Preliminary Approval |
| Notice Deadline | +30 days after Preliminary Approval Order |
| | |
| Class Counsel's Fee and Expense Application | +45 days after Notice Deadline |
| | |
| Objection Deadline | +60 days after Notice Deadline |
| Opt-Out Deadline | +60 days after Notice Deadline |
| Settlement Administrator Provide to | +70 days after Notice Deadline |

5

| | |
|---|---|
| Parties List of Objections/Exclusions to the Court and Class Counsel | |
| Claims Deadline | +90 days after Notice Deadline |
| | |
| Initially Approved Claims List | +35 days after Claims Deadline |
| Initially Rejected Claims List | +35 days after Claims Deadline |
| Parties' Challenge to Any Claims | + 21 days from Deficiency Notice to Claimant |
| | |
| **Final Approval Hearing** | +150 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | -14 days before Final Approval Hearing Date |
| Settlement Administrator Provide to Court Notice of Opt-Outs and/or Objections | -14 days before Final Approval Hearing Date |
| | |
| **Final Approval** | |
| Effective Date | +35 days after Final Approval Order or 35 days from when any appeal is finalized and a final judgment is affirmed |
| Defendant Payment of Settlement Fund amount to Settlement Administrator | +5 Days after Effective Date |
| Settlement Administrator Payment of Attorneys' Fees and Expenses to Class Counsel | +7 days after Effective Date |
| Settlement Administrator mail Settlement Payments | +90 days after Effective Date |
| Settlement Website Deactivation | +90 days after Effective Date |

10. In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Notice and posted on the

Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

11. Additionally, all requests to opt out or object to the proposed Settlement must be either postmarked or received by the Settlement Administrator no later than 60 days after the Notice Date. Any request to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by this Agreement. Opt-Out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, Epiq, or Class Counsel. Settlement Class Members who seek to Opt-Out shall receive no benefit or compensation under this Agreement.

12. Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with and/or mailed to the Court and Settlement Administrator and postmarked within 60 days of the Notice Date and include each and all of the following:

(i) The name of the proceeding;

(ii) Settlement Class Member's full name, current mailing address, and telephone number;

 (iii) a statement of the specific grounds for the objection, as well as documents supporting the objection;

 (iv) the identity of any attorneys representing the objector;

 (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing;

 (vi) a statement identifying all class action settlements objected to by the Settlement Class Member in the previous five (5) years; and;

 (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. Any Objection failing to include the requirements expressed above will be deemed to be invalid.

Furthermore, any Settlement Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection.

 13. All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Settlement Class. The persons and entities who timely and validly request exclusion from the Settlement Class will be excluded from the Settlement Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval

order as to Horizon Actuarial in this Action.

14.     Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and Settlement Class Members are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Horizon Actuarial.

15.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Settlement Class.

**SO ORDERED**, this ____ day of _____, 2023.

_____
Eleanor L. Ross
United States District Court
Northern District of Georgia